COMMONWEALTH OF KENTUCKY
FAYETTE CIRCUIT COURT
CIVIL BRANCH
___ DIVISION
CASE NO. _____

**A.V. by and through her
next friends T.V. and S.V.**  PLAINTIFF

v.

**BOARD OF EDUCATION OF
FAYETTE COUNTY**  DEFENDANT

## COMPLAINT

Comes now the Plaintiff, by and through his next friends T.V. and S.V, his parents, and for his Complaint states as follows:

### INTRODUCTION

1. This is a Complaint seeking relief for the minor Plaintiff for the denial of his rights under 29 U.S.C. §794 (more commonly known as §504); The Americans with Disabilities Act; KRS 344.130; and The Kentucky Constitution Section 2, Section 183.

### PARTIES

2. At all times relevant A.V. is a resident of Fayette County, Kentucky.

3. The Plaintiff, A.V. is a minor whose interests are being presented through his next friends, his parents, T.V. and S.V.

4. The Plaintiff is a qualified individual with a disability as defined by §504 of the Rehabilitation Act and the Americans with Disabilities Act.

5. The Defendant Board of Education of Fayette County, Kentucky, is a body public that can sue or be sued pursuant to KRS 160.160.

1

6. The Plaintiff A.V. has been enrolled in Fayette County Schools since he was in first (1ˢᵗ) grade, except for fourth (4ᵗʰ) grade, when he was entolled in Cherokee County Public Schools in the State of Georgia. A.V. currently attends Tates Creek High School.

7. The Plaintiff has been receiving specially designed instruction through a §504 plan since fourth (4ᵗʰ) grade.

8. The Plaintiff's §504 plan included accommodations and modifications to the School's curriculum in order for the Plaintiff to receive an appropriate education.

9. During the 2019-2020 school year (A.V. 9ᵗʰ grade), before and during Non-Traditional Instruction (hereinafter "NTI"), Defendant knew that Plaintiff's parents objected to Defendant's accommodations as not adequately addressing Plaintiff's disability. In particular, Plaintiff's parents raised concerns and requested assistance regarding missing assignments and Defendant's penalties for missing assignments.

10. The Defendant Board of Education of Fayette County denied A.V.'s parent's reasonable requests for accommodation during the 2019-2020 school year.

11. The Defendant Board of Education of Fayette County failed to update Plaintiff's §504 plan during 2019-2020 in light of NTI.

12. Plaintiff's parents acquased to Defendant's 2019-2020 §504 plan update failure, given the sudden onset of the pandemic and Defendant's updated school wide NTI.

13. The Defendant Board of Education of Fayette County failed to follow the Plaintiff's §504 plan during most of the 2020-2021 school year.

14. The Defendant has not provided accommodations provided by the Plaintiff's §504 plan for the 2021-2022 school year (A.V. 10ᵗʰ grade)

15. The Defendant failed to seat the student in an area free from distraction.

Presiding Judge: HON. KIMBERLY BUNNELL (622203)

COM : 000002 of 000009

16. The Defendant Board of Education of Fayette County denied A.V.'s parent's reasonable requests to modify accommodations during the 2020-2021 school year, despite clear evidence and written support from the University of Kentucky Healthcare, Psychiatry.

17. Given the difficulty of seating Plaintiff in an area free from distraction during NTI, Defendant nevertheless denied Plaintiff's parent's requests for alternative reasonable accommodations.

18. The Defendant, before and during NTI, consistently did not provide parents adequate or timely communication regarding Plaintiff's assignments and tests which would help accommodate Plaintiff with executive functioning and organizational skills and tasks.

19. Poor executive functional and organizational skills have been determined to be a manifestation of Plaintiff's disability.

20. The Defendant refused parent's request to provide Plaintiff's parents Plaintiff's attendance information.

21. Lack of attendance information made it difficult or practically impossible for Plaintiff's parents to determine whether Plaintiff was engaged in learning activities or distracted by other content.

22. Defendant's failure to include reasonable accommodations in Plaintiff's §504 plan or Defendant's inconsistent implementation of Plaintiff's §504 plan effectively results in no meaningful or enforceable §504 plan accommodations.

23. The Plaintiff has been penalized or suffers consequences by the Defendant for turning his work in late for grading.

24. The failure to timely provide completed work has been determined to be a manifestation of his disability.

Presiding Judge: HON. KIMBERLY BUNNELL (62203)   COM : 000003 of 000009

Filed         21-CI-01368         05/05/2021         Vincent Riggs, Fayette Circuit Clerk

25. During the 2020-2021 school year, while the Plaintiff has been receiving Non-Traditional Instruction (NTI), the §504 plan has not been implemented in order for the child to achieve academically.

26. The Plaintiff's parents have had numerous email and telephone conferences with administration of both Tates Creek High School and the Board of Education of Fayette County in order to develop an appropriate educational plan for A.V.

27. The parents' suggestions on how to assist the child to progress academically has been met with resistance.

28. As a result, the Plaintiff has not received a Free and Appropriate Education (FAPE) required by 29 U.S.C. §794.

29. The Plaintiff has not received accommodations or modifications that would allow him to learn on a level playing field as non-disabled peers in violations of the Americans with Disabilities Act and KRS 344.130.

30. As a result of the Defendant's indifference to the Plaintiff's unique educational needs, he has been emotionally and academically harmed which demands compensation.

## COUNT I

**29 U.S.C § 794**
*(more commonly known as*
*§504 of the Rehabilitation Act)*

31. The Plaintiff incorporates Paragraphs 1-31 by reference.

32. §504 of the Rehabilitation Act protects qualified individuals with a disability from discrimination in the terms and conditions of their education.

33. As a recipient of federal monies, the Defendant Board of Education of Fayette County Kentucky is obligated to comply with §504

34. The Defendant failed to address the Plaintiff's disability and to provide him the accommodations which would have allowed him to achieve academically while enrolled at Tates Creek High School.

35. As a result of the Defendant's discriminatory conduct in violation of §504 the Plaintiff has been harmed which demands compensation.

## COUNT II

### AMERICANS WITH DISABILITIES ACT
*(hereinafter "ADA")*

36. The Plaintiff incorporates Paragraphs 1-36 by reference.

37. The ADA prohibits the discrimination against qualified individuals with a disability.

38. The Plaintiff is a qualified individual with a disability and is protected by the provisions of the ADA.

39. The Board of Education of Fayette County is an entity covered under Title II of the ADA.

40. As an entity covered under Title II of the ADA the Defendant Board of Education of Fayette County cannot discriminate against a qualified individual with a disability in their provision of educational services.

41. The Defendant Board of Education of Fayette County denied the Plaintiff equal opportunity to participate and advance academically at Tates Creek High School solely due to his disability.

42. The Defendant Board of Education of Fayette County failed to engage in an interactive process through either development of a §504 plan or an accommodation plan that would allow the Plaintiff to advance academically and socially at Tates Creek High School.

Presiding Judge: HON. KIMBERLY BUNNELL (622203)
COM : 000005 of 000009
Filed   21-CI-01368   05/05/2021   Vincent Riggs, Fayette Circuit Clerk

43. The Defendant's failure to make any attempt to accommodate the Plaintiff deprived him of educational opportunities solely due to his disability.

44. The Defendant violated the ADA and the Defendant's discriminatory acts have caused the Plaintiff harm which demands compensation.

## COUNT III

### KRS 344.130

45. The Plaintiff incorporates Paragraphs 1-45 by reference.

46. KRS 344.130 prohibits discrimination by a public accommodation due to one's disability.

47. The Defendant Board of Education of Fayette County is a public accommodation as defined by KRS 344.30

48. The Defendant Board of Education of Fayette County denied the Plaintiff the equal enjoyment of the facilities and programs at Fayette County High School solely due to his disability.

49. The Defendant Board of Education of Fayette County violated KRS 344.130

50. As a result of the Defendant's discriminatory conduct the Plaintiff has suffered embarrassment and humiliation and loss of educational opportunities.

## COUNT IV

### KENTUCKY CONSTITUTION SECTION 2 AND SECTION 183

51. The Plaintiff incorporates Paragraphs 1-51 by reference.

52. Section 2 of the Kentucky Constitution prohibits arbitrary power to a branch of the state government.

53. The Defendant as acted arbitrarily in the education plan for the Plaintiff.

Filed    21-CI-01368    05/05/2021    Vincent Riggs, Fayette Circuit Clerk

Presiding Judge: HON. KIMBERLY BUNNELL (622203)

COM : 000006 of 000009

54. The Kentucky Constitution Section 183 provides "The General Assembly shall, by appropriate legislation, provide for an efficient system of common schools throughout the State." The General Assembly delegates this requirement to school boards and schools, including Defendant Board of Education of Fayette County.

55. Defendant has not provided Plaintiff an efficient system of common school in, at least, the ways described in the following paragraphs.

56. Defendant utilizes computer systems to communicate important and time sensitive information to students and parents. Defendant's computer systems and users consistently fail to publish accurate or timely information. This failure is not only inefficient, it specially disadvantages Plaintiff whose disability results in difficulty with executive functioning and organization and who relies on his parents for at-home assistance.

57. The Plaintiff's §504 plan allows for extra time completing assignments. Yet, as a result of Defendant's failure to provide efficient systems and timely communication, Plaintiff's parents are often unaware of missing assignments until after Plaintiff's extra time has expired or after other time sensitive events occur.

58. Defendant utilizes at least two systems that are either non-integrated or poorly integrated, resulting in different and often inconsistent information communicated to Plaintiff and Plaintiff's parents.

59. Defendant does not uniformly input data into, or update information in, Defendant's systems, resulting in inefficiencies and practical barriers consuming information causing inefficiencies and damage to Plaintiff and Plaintiff's parents.

60. Defendant publishes only a subset of student data to parents via its Infinite Campus portal.

61. Defendant's systems do not provide a means to determine or verify submitted assignments, the dates and times on which assignments are submitted, or whether deadlines are missed in light of Plaintiff's §504 extra time accommodation.

62. Defendant does not perform quality assurance on Defendant's data inputted into Defendant's systems by Defendant's staff, which contributes to incorrect information communicated to Plaintiff and Plaintiff's parents.

63. Defendant's policies regarding late and missing assignments do not adequately compensate Plaintiff and Plaintiff's parents for Defendant's inefficient systems.

WHEREFORE, the Plaintiff prays:

1. The Court assume jurisdiction over his Complaint;

2. The Court find that the Defendant violated its legal obligations under 29 U.S.C. § 794;

3. The Court find that the Defendant violated its legal obligations under the Americans with Disabilities Act;

4. The Court find that the Defendant violated its legal obligation under KRS 344.130;

5. The Court find that the Defendant violated its legal obligation under Sections 2 and 183 of the Kentucky Constitution;

6. The Court award the Plaintiff compensatory damages as well as damages for embarrassment and humiliation;

7. The Court award Plaintiff reasonable attorney fees and costs of this action;

8. The Court summons a jury to address all issues raised in the Plaintiff's Complaint; and

9. The Court award the Plaintiff any and all equitable or legal relief he may be entitled.

Respectfully Submitted,

Edward E Dove
201 W Short Street
Suite 300
Lexington, KY 40507
P – 859-252-0020
F – 859-258-9288
eddove@windstream.net