UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| A.V., by and through her next friends T.V. and S.V., | ) ) ) |
| Plaintiff, | ) Civil Action No. 5:21-CV-157-CHB ) ) |
| v. | ) **MEMORANDUM OPINION AND** ) **ORDER** |
| BOARD OF EDUCATION OF FAYETTE COUNTY, KENTUCKY, | ) ) ) |
| Defendant. | ) ) |

*** *** *** ***

This matter is before the Court on the Motion to Dismiss or for Summary Judgment filed by Defendant Board of Education of Fayette County, Kentucky ("Board"), [R. 10]. Plaintiff A.V., by and through his[1] next friends T.V. and S.V. ("A.V."), has responded, [R. 13], and the Board has replied, [R. 14]. This matter is therefore fully briefed and ripe for review. For the reasons set forth herein, the Court will deny the Board's Motion to Dismiss or for Summary Judgment, [R. 10].

**I. BACKGROUND**

A.V. initiated this suit in Fayette Circuit Court on May 5, 2021. [R. 1-1 (Complaint)]. The Board then filed an answer, [R. 1-4], before removing the case to this Court on June 7, 2021, [R. 1]. On October 14, 2021, the Court entered its standard Order for Meeting and Report, in which it directed the parties to meet within twenty-one days and then, within two weeks of that

---

[1] The caption of the state court complaint identifies the plaintiff as A.V., by and through *her* next friends T.V. and S.V. *See* [R. 1-1 (emphasis added)]. However, in the pleadings and exhibits, A.V. is referred to as male.

- 1 -

meeting, submit a joint report to the Court, as required by Federal Rule of Civil Procedure 26(f). [R. 4].

The parties did not submit a joint report. Instead, on November 24, 2021, the Board filed a status report. [R. 5]. In that report, the Board explained that its counsel had spoken with A.V.'s counsel, but they had not addressed in detail the matters listed in Rule 26(f). *Id.* Nevertheless, the Board explained, it drafted a joint report for A.V.'s counsel to review. *Id.* The Board had not received a response from A.V. but submitted to the Court the deadlines it had proposed in its draft joint report. *Id.* Shortly thereafter, on November 29, 2021, the Court entered a Scheduling Order adopting the deadlines proposed by the Board, [R. 6]. For example, the Court imposed an initial disclosures deadline of November 22, 2021 and a fact discovery deadline of May 31, 2022. *Id.*

On March 16, 2022, United States Magistrate Judge Matthew A. Stinnett conducted a mid-discovery telephonic status conference for counsel only. [R. 9]. At that time, "[t]he parties informed the Court that they do not currently have any discovery disputes for the Court to address" but assured that they would "keep the Court apprised of issues that arise, as well as any need for a settlement conference." *Id.* The parties also made a joint oral motion to extend the discovery deadline to June 30, 2022 "so that they may continue their efforts to resolve this matter without further litigation." *Id.* Magistrate Judge Stinnett granted that motion. *Id.*

Neither party made any appearances in the case after the March 16, 2022 status conference until July 15, 2022, when the Board filed the present Motion to Dismiss or for Summary Judgment, [R. 10]. In its motion, the Board asks the Court to dismiss this suit under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with the civil rules and the Court's Scheduling Order. *Id.* More specifically, the Board explains that it timely

served written discovery on A.V.'s counsel on May 28, 2021, and then declined counsel's request to extend the deadline for responding. *Id.* at 2. At the time of the filing of its motion, the Board explained, it had not received any responses to its written discovery requests. *Id.* at 3. Further, A.V.'s counsel failed to fully participate in the Rule 26(f) meeting and failed to serve his initial disclosures as required by Rule 26(a)(1).[2] *Id.* In light of these alleged failures, the Board asks that the case be dismissed under Rule 41(b), or alternatively, that the Court grant summary judgment in favor of the Board. *Id.* at 6, 9.

In response, Plaintiff admits his failures but argues that they are the result of excusable neglect, primarily because he believed that the parties were actively working towards a settlement. [R. 13]. In fact, he contends that the parties had agreed to contact Magistrate Judge Stinnett to schedule a settlement conference but, before such scheduling occurred, the Board filed the present motion. *Id.* at 2. Additionally, A.V.'s counsel states that he provided answers to the Board's written discovery requests on July 29, 2022, shortly after the Board filed this motion. *Id.* at 4. The Board has filed a reply, [R. 14], and this matter is therefore fully briefed and ripe for review.

## II. MOTION TO DISMISS

Rule 41(b) allows courts to dismiss claims "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). When considering whether dismissal is appropriate under this rule, the Court should consider the following four factors:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

---

[2] Counsel for the Board admits that the Board's initial disclosures were also served "significantly late." [R. 10, p. 3]. In fact, A.V.'s counsel states that the Board's initial disclosures were filed six months after the deadline, a fact which the Board does not deny. *See* [R. 13, p. 1; R. 14].

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). No single factor is dispositive. *See Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001).

It is also important to consider whether the plaintiff's attorney, rather than the plaintiff, is responsible for the actions (or inactions) giving rise to the motion to dismiss. *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997). On this point, the Supreme Court has found there to be "no merit" to the argument that the client should not be punished for the sins of the lawyer. *Id.* (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962)). However, the Sixth Circuit, like other courts, "has been extremely reluctant to uphold the dismissal of a case . . . merely to discipline an errant attorney because such a sanction deprives the client of his day in court." *Id.* (quoting *Buck v. U.S. Dep't of Agric., Farmers Home Admin.*, 960 F.2d 603, 608 (6th Cir. 1992)). Thus, the four factors cited above "have been applied more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal." *Id.* With this principle in mind, the Court will consider each of the four above-listed factors.

### A. Factor One: Willfulness, Bad Faith, or Fault

When considering the first factor, the Court must ask "whether the party's failure is due to willfulness, bad faith, or fault." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363). "For a plaintiff's actions to be motivated by bad faith, willfulness, or fault, his conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001)). Importantly, when considering this factor, the Sixth Circuit has repeatedly stated that dismissal should only be ordered where there is a "clear record of delay or contumacious conduct." *Harmon*, 110 F.3d at

367 (quoting *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)) (internal quotation marks omitted). Contumacious conduct consists of behavior that is "'perverse in resisting authority' and 'stubbornly disobedient.'" *Schafer*, 529 F.3d at 737 (quoting Webster's Third New Int'l Dictionary 497 (1986)).

For example, in *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997), dismissal was found to be appropriate when the plaintiff's counsel failed to respond to repeated discovery requests and then defied a court order compelling discovery responses and cooperation. *See id.* at 369; *see also Carpenter v. City of Flint*, 723 F.3d 700, 705 (6th Cir. 2013) (citing various Sixth Circuit case law); *Stough v. Mayville Community Schools*, 138 F.3d 612, 615 (6th Cir. 1998) (same). However, the Sixth Circuit has distinguished such egregious misconduct from "mere dilatory conduct," such as failing to timely file responses to motions or repeated violations of local electronic filing rules. *Carpenter*, 723 F.3d at 705 (quoting *Coston v. Detroit Edison Co.*, 789 F.2d 377, 379 (6th Cir. 1986)) (internal quotation marks omitted). This less egregious conduct, while frustrating, "does not tax the court's time in the same manner" as the more egregious conduct outlined above. *Stough*, 138 F.3d at 615 (explaining that counsel's untimely responses to three separation motions and failure to timely respond to discovery requests was sanctionable but not worthy of dismissal). As a result, such behavior is typically insufficient to "demonstrate a clear record of contumacious conduct warranting dismissal with prejudice." *Carpenter*, 723 F.3d at 705.

In this case, A.V.'s counsel admits that he missed the Court's discovery deadlines and failed to fully comply with Rule 26(f). [R. 13, pp. 1–2]. The Court finds that such behavior is somewhat more egregious than the mere untimely filing of a response or the failure to electronically file a document in violation of local rules. *See Carpenter*, 723 F.3d at 705. Yet, the

Court cannot find that this behavior rises to the level of egregiousness necessary to "demonstrate a clear record of contumacious conduct warranting dismissal with prejudice." *Id.* As noted above, contumacious behavior is "'perverse in resisting authority' and 'stubbornly disobedient.'" *Schafer*, 529 F.3d at 737 (quoting Webster's Third New Int'l Dictionary 497 (1986)). Here, however, the Court notes that A.V.'s counsel's inaction was motivated in part by his belief that the parties were engaged in settlement negotiations. This belief is supported by the record, as the parties advised Magistrate Judge Stinnett in March 2022 that they were actively working toward a resolution. [R. 9]. In fact, the Court's order from that March 2022 status conference indicates that the parties desired to "*continue* their efforts to resolve this matter without further litigation," *id.* (emphasis added), which in turn supports A.V.'s counsel's contention that negotiations had been ongoing. Thus, the record demonstrates that counsel's failures in this case were likely fueled by a good faith belief that the parties were actively pursuing settlement. Further, even if counsel's reliance on a potential settlement was unjustified or unreasonable, as the Board suggests, there is no evidence that such misplaced reliance was motivated by bad faith, willfulness, or fault. *See Wu*, 420 F.3d at 643 (noting that counsel's reliance on a stipulated order to stay, which was never entered, was not motivated by bad faith, willfulness, or fault, even if it was unreasonable or unwarranted).

      Moreover, unlike the plaintiff's attorney in *Harmon*, A.V.'s counsel has not defied a court order compelling discovery responses and cooperation. *See Harmon*, 110 F.3d at 369. In fact, at no point did the Board file a motion to compel or otherwise attempt to bring the discovery dispute to this Court's attention. Thus, while the Board asks this Court to place all of the blame on the plaintiff's counsel, the Court notes that *both* parties could have taken steps to resolve these discovery disputes and move this case along, potentially obviating the need for a

Rule 41(b) motion to dismiss. *See Carpenter*, 723 F.3d at 706. The Court also notes that *both* parties are guilty of missing the initial disclosures deadline, with the Board's initial disclosures being filed approximately six months late. [R. 10, p. 3; R. 13, p. 1]. And, even if A.V.'s counsel is fully at fault for the lack of progress in this case, there is no evidence of willfulness or dilatory motive, much less a "clear record of contumacious conduct warranting dismissal with prejudice *Carpenter*, 723 F.3d at 705. Instead, as already explained, Plaintiff's counsel held a good faith belief that settlement was forthcoming. Under these circumstances, the Court is unwilling to find that A.V.'s counsel was motivated by bad faith, willfulness, or fault.

The Court therefore finds that the first factor weighs against dismissal.

### B. Factor Two: Prejudice to the Defendant

The second factor asks "whether the adversary was prejudiced by the dismissed party's conduct." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363). For example, in *Harmon*, the plaintiff's refusal to provide adequate discovery responses forced the defendant to file a motion to compel and eventually, a motion to dismiss. *Harmon*, 110 F.3d at 368. The trial court granted the motion to dismiss, and the Sixth Circuit affirmed, noting that the defendant had been "unable to secure the information requested" and wasted time, money, and effort in attempting to secure that information. *Id.*

However, in *Carpenter v. City of Flint*, 723 F.3d 700 (6th Cir. 2013), the Sixth Circuit found no evidence of prejudice after examining the defendant's activity in the case. The defendants had filed "two paltry and vague" motions, made attempts to coordinate with opposing counsel, and responded to the district court's show cause order. *Id.* at 707–08. They had taken no other substantial action in the case (such as filing an answer or substantive dispositive motion or engaging in discovery). *Id.* at 708. They had attempted to negotiate with opposing counsel to no

avail, but the Court found that such activity, while frustrating, did "not warrant a finding of prejudice." *Id.*

In the present case, the Board has expended very little effort when faced with this discovery dispute. Unlike the defendants in *Harmon*, the Board made no attempts to bring this discovery dispute to the Court's attention prior to filing the present motion. Stated another way, they did not expend any time, money, or effort on filing a motion to compel or appearing before the Court to resolve the discovery dispute. Thus, while the Court does not dispute that the Board suffered the inconvenience and frustration of waiting for untimely discovery responses, it cannot say that it wasted a significant amount of time, money, or effort in attempting to secure those responses. And further, while the Board did attempt to communicate with A.V.'s counsel about the discovery issues, the expenses incurred during such failed communications are not uncommon and generally do not rise to a sufficient level of prejudice. *See Carpenter*, 723 F.3d at 708 (citing *Crossman v. Raytheon Long Term Disability Plan*, 316 F.3d 36, 39 (1st Cir. 2002)).

Furthermore, in support of this second factor, the Board states only that it is prejudiced because the failure to respond to discovery requests "leaves [it] with no discovery or evidentiary record" from which it may craft a motion for summary judgment, and no way to identify potential witnesses or documents. [R. 10, p. 5]; [R. 14, p. 5]. But the Board has, in fact, moved for summary judgment, relying on the lack of evidence produced by A.V. to support that motion. [R. 10, pp. 6–9]. Under these circumstances, the Court declines to find that the Board suffered prejudice sufficient to warrant dismissal of this case.

The Court therefore finds that this second factor weighs against dismissal.

**C. Factor Three: Notice of Possible Dismissal**

When considering the third factor, the Court asks "whether the dismissed party was warned that failure to cooperate could lead to dismissal." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit has "reversed district courts for dismissing cases because litigants failed to appear or to comply with pretrial orders when the district courts did not put the derelict parties on notice that further noncompliance would result in dismissal." *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988) (citations omitted). For example, the Sixth Circuit has found inadequate notice when a district court's orders (even show cause orders) did not clearly indicate the Court's intent to dismiss the action if the party failed to comply. *See, e.g.*, *Wu*, 420 F.3d at 644. Nevertheless, the Sixth Circuit has also recognized that a lack of notice is not necessarily fatal to a Rule 41(b) motion. *See Fharmacy Records v. Nassar*, 379 F. App'x 522, 524 (6th Cir. 2010) (citations omitted). Even so, "in the absence of notice that dismissal is contemplated[,] a district court should impose a penalty short of dismissal unless the derelict party has engaged in 'bad faith or contumacious conduct.'" *Harris*, 844 F.2d at 1256.

In the present case, as noted above, the Board did not move for a show cause order or an order compelling A.V. to respond to discovery, nor did the Board bring the discovery dispute to the Court's attention, despite assuring the Magistrate Judge that it would do so if necessary. *See* [R. 9]. In fact, at the time of that status conference, the parties agreed that no discovery disputes were ongoing and jointly requested an extension of the discovery deadline. Because these issues were never brought to the Court's attention, the Court never had an opportunity to warn A.V.'s counsel that dismissal might occur if these issues were not resolved.

Given the lack of notice and the absence of evidence of bad faith or contumacious conduct on the part of A.V.'s counsel, the Court finds that this third factor weighs against dismissal.

### D. Factor Four: Less Drastic Sanctions

Lastly, the Court must consider "whether less drastic sanctions were imposed or considered before dismissal was ordered." *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363). As the Sixth Circuit has explained, "[t]he sanction of dismissal is appropriate only if the attorney's actions amounted to failure to prosecute and *no alternative sanction* would protect the integrity of the pretrial process." *Mulbah*, 261 F.3d at 594 (quoting *Carter*, 636 F.2d at 161) (internal quotation marks omitted). The Sixth Circuit has also identified the competing interests a district court considers when addressing this factor:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. On the other hand is the policy which favors disposition of cases on their merits. In recognizing those competing concerns, this circuit has stated that dismissal of an action is a harsh sanction which the court should order only in extreme situations.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (internal citations omitted).

In the present case, the Court has not yet considered or utilized a lesser sanction, primarily because the Board never brought the discovery dispute to the Court's attention prior to filing the present motion. Such sanctions might include ordering that certain "designated facts be taken as established for purposes of the action, as the prevailing party claims," or "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence," among other things. *See* Fed. R. Civ. P. 37(b)(2)(A) (listing potential sanctions for failing to obey a discovery order). The Court does not believe that such severe sanctions are warranted in this case, given the lack of contumacious conduct on the part of A.V.'s counsel, the absence of prejudice to the Board, and the lack of notice of any such sanctions, as discussed above.

For the same reasons, the Court does not believe that dismissal is warranted. However, the Court finds that a monetary sanction is appropriate and is sufficient to protect the integrity of the Court's pretrial procedures. *See generally Freeland v. Amigo*, 103 F.3d 1271, 1280 (6th Cir. 1997) (finding abuse of discretion where district court could have imposed costs as a lessor sanction); *Carpenter*, 723 F.3d at 709 (noting that "the district court could have imposed a fine" on counsel after repeated violations of the local filing rules). The Court will therefore deny the Board's motion to the extent it seeks dismissal for failure to prosecute and/or failure to abide by the rules and orders of the Court. Instead, the Court will order A.V.'s counsel to pay some of the costs associated with the filing of the present motion and will order the parties to submit a revised scheduling order, complete with dates for the expedited completion of fact discovery, thereby allowing both parties an opportunity to resolve this case on its merits. To the extent A.V.'s counsel has submitted discovery responses that fail to comply with the Federal Rules of Civil Procedure, *see* [R. 14, p. 2], he must supplement his responses during the revised discovery window.

### III. MOTION FOR SUMMARY JUDGMENT

To grant a motion for summary judgment, the Court must first find that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In this case, the Board presented the alternative argument that it was entitled to summary judgment because there was a lack of evidence to support A.V.'s claims due to his counsel's failure to engage in discovery. [R. 10, pp. 6–9]. However, A.V.'s counsel has now provided his discovery responses to the Board, and the Court will order the parties to provide proposed additional discovery deadlines, as noted above. Accordingly, the Court will deny the Board's motion to the extent it seeks summary judgment.

## IV. CONCLSUION

For the reasons set forth above, **IT IS HEREBY ORDERED** as follows:

1. The Motion to Dismiss or for Summary Judgment filed by Defendant Board of Education of Fayette County, Kentucky, [**R. 10**], is **DENIED**.

2. Within **fourteen (14) days** of the entry of this Order, the parties **SHALL** provide to the Court a revised scheduling order, including dates for the expedited completion of fact discovery.

3. The Court sua sponte **ORDERS** the alternative sanction that Edward Dove, counsel for Plaintiff A.V., pay some or all costs associated with the Board's Motion to Dismiss, [**R. 10**]. Within **fourteen (14) days** of the entry of this order, the Board's counsel **SHALL** file its detailed billing records relating to the Motion to Dismiss, along with an appropriate affidavit substantiating the requested hourly rate for its preparation. The Court will review these documents and will issue an order for payment of some or all of the reasonable costs.

4. **Plaintiff is hereby WARNED that failure to comply with this Court's orders, including any deadlines imposed by the Court, may result in dismissal of this action.**

This the 17th day of October, 2022.

*/s/ Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY